# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 256 |
| ) | |
| RT VENTURES, LP, a Delaware limited ) | |
| partnership, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Federal pleaders, and particularly those who tender responsive pleadings addressing a complaint, can generally be grouped into two categories. One type honors the fundamental purpose of a notice pleading system, under which both plaintiffs' counsel and defense counsel engage in straightforward presentations that accomplish the goals of Fed. R. Civ. P. ("Rule") 8(a) and 8(b) by defining the dispute between the litigants through clear presentations of what matters are or are not in issue between the parties. But the second type, often under the guise of adherence to Rule 8(b), seeks to make legal life more complicated than it should be by a process of needless nitpicking, obfuscation or worse.

Regrettably counsel for Richard Turasky, Jr. ("Turasky") has continued the latter-described hide-the-ball approach that has pervaded his conduct in this action by tendering Turasky's current Answer and Affirmative Defenses ("ADs") to the Complaint brought against him individually and a group of other entities by U.S. Bank National Association ("U.S. Bank"). Although this sua sponte memorandum order may not capture all of the respects in which that

responsive pleading has failed the basic purpose set out at the beginning of this memorandum order, what follows is certainly exemplary.

First, Rule 8(b)(5) makes available to the responsive pleader a disclaimer to be used where neither an admission or a denial of a plaintiff's allegations can be made under Rule 8(b)(1)(B). No view is either expressed or implied here as to the substantive propriety of defense counsel's invocation of that Rule in Answer ¶¶ 1, 31 and 38, but counsel has then impermissibly added to the disclaimer the language "and therefore denies the allegations in paragraph --." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because any such denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Next Turasky's counsel improperly refers to a number of the Complaint's allegations as "constitut[ing] legal conclusions to which no answer is required" (Answer ¶¶ 9, 24, 27, 33 and 56) -- see App'x 2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). As to the first and last of those paragraphs, the Answers create a no-harm, no-foul situation by adding:

> To the extent an answer is required, Turasky denies the allegations.

But that just won't do as to Answer ¶¶ 24, 27 and 33, where the Rule 11(b) requirement of a pleading's good faith (in both subjective and objective terms) demands <u>real</u> answers. Hence those paragraphs are stricken, with leave being granted to replead in an appropriate manner.

Turasky's -- or more accurately, his counsel's -- next nonconstructive approach to pleading is found in Answer ¶¶ 10, 11, 12 and 14, each of which paragraphs purports to deny the corresponding allegations of the Complaint "to the extent they vary from or contradict the actual

language of the documents referenced by paragraph --." We who find it necessary to read pleadings are not mind readers -- here this Court has no idea as to just what Turasky's counsel may regard as the extent to which an allegation assertedly "var[ies] from or contradict[s] the actual language" of a cited document. What counsel must do instead is to specify any such claimed deviations, so that (once again) what separates the litigants' respective positions is made specific rather than amorphous. Those Answer paragraphs are stricken as well.

Finally, Turasky's ADs are totally unsatisfactory. AD 1 is dead wrong when U.S. Bank's allegations are accepted (as they must be) for Rule 12(b)(6) purposes, while all of the other ADs cannot simply pick items from the Rule 8(c) laundry list without explanation (see App'x 5 to State Farm, 199 F.R.D. at 279). All of the ADs are stricken, but without prejudice to the possible reassertion of any AD other than AD 1 when properly fleshed out.

Turasky's counsel is granted to December 15, 2014 to cure the defects identified in this memorandum order. Any failure to do so would be met with an appropriate order.

                                                                                            /s/ Milton I. Shadur  
                                                                                            Milton I. Shadur  
                                                                                            Senior United States District Judge

Date: December 1, 2014