**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 256 |
| ) | |
| **RT VENTURES, LP**, a Delaware limited ) | |
| partnership, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Because of the press of other matters, this Court has only now had the opportunity to review in detail the Amended Answer filed in mid-December by four of the five remaining defendants[1] in this action brought by U.S. Bank National Association ("U.S. Bank"). Because that responsive pleading is highly problematic, this sua sponte opinion directs counsel to go back to the drawing board to cure the flaws identified here.

To begin with a matter that is not really a defect but an inconvenience, defense counsel has submitted the Amended Answer with printed material on both sides of the page rather than the conventional one-sided page presentation. That poses no difficulties when materials are provided in book form, but where the presentation takes the form of a paper document stapled in the upper left-hand corner (as is the regular format for hard-copy submissions in a lawsuit), reading the document is both awkward and inconvenient. Accordingly the Second Amended Answer called for by this opinion should be presented in the customary single-sided format.

---

[1] Those filers comprise all defendants other than Richard Turasky, Jr. ("Turasky"), so that one of the filing defendants is Turasky's wife Melissa.

To turn to more substantive aspects of the pleading, it poses a host of problems, many of which are at odds with the purpose of "notice pleading" that underlies federal pleading practice: to serve the basic goal of identifying matters that are or are not at issue between the parties. To that end the principle should be adhered to by defendants as well as plaintiffs. But one good example of noncompliance with that concept here is Answer ¶ 4, which admits the corporate status of defendant CR-Christina One, LLC but then simply denies the Complaint's allegation that Turasky's wife is its sole member without providing full disclosure as to the identity of the other members of that limited liability company. That information must be provided by defense counsel the next time around.

More in the nature of a shell game -- again at odds with the concept of notice pleading -- is Answer ¶ 6, which states:

> Paragraph 6 does not contain any allegations against the Defendants, therefore Defendants, to the extent that any response is due, deny such allegations.

It is not literally true that Complaint ¶ 6 "does not contain any allegations against the Defendants," because what is said there is integral to U.S. Bank's contentions against them as well as against Turasky (whose own Amended Answer, filed by separate counsel, simply denies the allegations in Complaint ¶ 6). Once again full disclosure should be the order of the day, and informative responses should take the place of flat-out denials.

Next Answer ¶ 9 asserts that certain of the Complaint ¶ 9 allegations "constitute legal conclusions to which no answer is required." Not so -- see App'x 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). More substantively, is defense counsel really then denying in good faith that U.S. Bank's earlier lawsuit against Turasky and the LLC owned

or controlled by him was based on their defaults under the documents identified in Complaint ¶ 9?

Defense counsel's next hide-the-ball locution is based on a number of impermissible invocations of a statement that a document "speaks for itself" -- see App'x 3 to State Farm. Even apart from that:

1. Answer ¶ 10's use of that locution makes no sense at all. Instead the rewrite of Answer ¶ 10 must be responsive to Complaint ¶ 10 in real-world terms.

2. Answer ¶¶ 11 and 12 also call for real responses, rather than ducking the issue by the "speaks for itself" usage.

Next, Answer ¶ 13 fails to conform to the disclaimer prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) because it omits the essential ingredients of the pleading defendants' "information" and "belief" -- ingredients that render the disclaimer more demanding and difficult to support in the subjective and objective good faith required by Rule 11(b). Hence Answer ¶ 13 must be recast as well.

Finally, Answer ¶¶ 14 through 22, 24 through 29 and 35 through 46 contain the same flaw and then go on to compound the problem by adding "and therefore, to the extent that any response is due, denies such allegations." That of course is oxymoronic -- how can any pleader that advances a proper disclaimer in Rule 8(b)(5) terms then go on to deny allegations as to the truth of which the pleader has just disclaimed knowledge (and must also disclaim information sufficient to form a belief)? All of those paragraphs must be recast as well.

Because so many of the paragraphs of the Amended Answer need reworking, so that a piecemeal correction would be particularly difficult to deal with as a practical matter, the

Amended Answer is stricken in its entirety.  Defense counsel are ordered to file a self-contained Second Amended Answer on or before January 23, 2015, failing which all of the paragraphs of the Complaint that were not dealt with in satisfactory fashion by the present pleading will be deemed to have been admitted.

                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  January 13, 2015